IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § § § vs. § § § § ROY TATUM (1) § | CASE NO. 6:24-CR-00001-JDK |

REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE

On July 12, 2024, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Interstate Travel in Aid of Unlawful Activity, a Class D felony, Defendant Roy Tatum was sentenced on February 10, 2017, by United States District Judge Halil Suleyman Ozerden, Southern District of Mississippi. The offense carried a statutory maximum imprisonment term of 5 years. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of V, was capped by the statutory maximum of 60 months. The Court sentenced Defendant to imprisonment for a term of 60 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no new credit charges/lines of credit, drug testing and treatment, marijuana restriction, synthetic narcotics restriction, and search condition.

1

Defendant completed his term of imprisonment and started his term of supervised release on October 20, 2021. Jurisdiction was transferred to the Eastern District of Texas on January 10, 2024, and the case was assigned to United States District Judge Jeremy Kernodle.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on June 20, 2024, United States Probation Officer Michelle Neubauer alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested in Dallas County, Texas on or about June 13, 2024, for Assault Causing Bodily Injury Family Member, a Class A Misdemeanor.

2. **Allegation 2 (standard condition 3): The defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.** It is alleged that Defendant was in Dallas County, Texas, a county not within the federal judicial district where he is authorized to reside, without permission from the probation officer.

3. **Allegation 3 (standard condition 5): The defendant must live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), he must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, he must notify the probation officer within 72 hours of becoming aware of a change or expected change.** It is alleged that Defendant is residing at a residence not approved by the probation officer: 1815 Nomas Street, Apartment 3, Dallas, Texas, 75212. Defendant did not notify the probation officer of the residence change.

4. **Allegation 4 (mandatory condition):  The defendant is ordered to pay the $5,000.00 fine at a rate of not less than $150 per month over a period of 36 months to commence 30 days after release from imprisonment to a term of supervision.** It is alleged that Defendant has not paid the $5,000.00 fine in accordance with the schedule of payments, D, monthly installments of not less than $150.00 over a period of 36 months. It is alleged that Defendant has not made a payment towards the fine since June 2023.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class D felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by committing the offense of Assault Causing Bodily Injury Family Member, leaving the judicial district without permission, failing to notify the probation officer of a change in residence, or failing to pay his fine as ordered, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was V.  The guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 7 to 13 months.

*Hearing*

On July 12, 2024, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegations 2, 3 and 4 of the petition and for the Government to abandon Allegation 1.  The parties did not reach an agreement as to punishment.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegations 2, 3, and 4 of the petition.

The parties then presented evidence concerning an appropriate sentence. The Government submitted evidence and testimony concerning the circumstances of the arrest that is alleged in the petition. The arresting officer, Officer Archie Hilburn, testified that he responded to a disturbance call involving Defendant and Stephanie Calhoun on June 13, 2024, in Dallas County, Texas. After speaking with both parties, Officer Hilburn placed Defendant under arrest. Ms. Calhoun, testified that Defendant had been living in Dallas for several months at the time of the incident. United States Probation Officer Ben Sanders testified that Defendant did not tell his probation officer that he was residing Dallas and stopped making payments on his fine after initially making payments. The supervising probation officer was aware that Defendant was working for a trucking company doing runs out of Dallas, but believed Defendant would return to his address in Palestine each day. Mr. Sanders stated that Defendant had several prior revocations due to noncompliance, including a failure to report a change in residence. Mr. Sanders recommended a sentence within the guideline range of 7 to 13 months.

Defendant presented two witnesses—his sisters Donna Tatum and Doris Blacksher. Both Ms. Tatum and Ms. Blacksher attested to changes they have personally seen in their brother over the years. They stated that he has changed into a hard-working man, running his own trucking company, who is devoted to his family.

The Government requested an upward departure sentence of imprisonment for a term of 18 months. Defendant requested a downward departure for a sentence consisting only of a term of supervised release.

4

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegations 2, 3 and 4 of the petition are true. Defendant is guilty of a Grade C supervised release violation. Having considered the evidence presented at the hearing, I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 10 months with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegations 2, 3 and 4 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 10 months with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 10 months with no further term of supervised release.

So ORDERED and SIGNED this 15th day of July, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE